Booth, Judge,
delivered the opinion of the court:
The plaintiff contracted to manufacture for the defendant 75,000 cinchas. The contract price was $0.9148 each, and the cinchas were to correspond with certain specifications set forth in the contract. The plaintiff completed 49,204 cinches, of which number 3,202 were in January, 1919, after inspection, rejected as failing to meet the requirements of the specifications. _ This was the state of affairs when the plaintiff’s contract was canceled by the defendant. Thereafter, on June 27, 1919, the plaintiff presented its claim to the proper department for reimbursement for losses occasioned by the cancellation of its contract. This claim enumerates in detail the various items claimed as due, and among them the 3,202 — mistakenly stated as 3,138 — cinchas now in dispute. The War Department, upon receipt of this claim, embracing as it does all of the plaintiff’s demands, detailed Lieut. J. T. Heins to visit the plaintiff’s factory and adjust the claim. Lieutenant Heins, in conference with the plaintiff, disavowed any authority to adjust that item of the claim involving the 3,202 cinchas completed under the contract, and advised the plaintiff to submit the same to the Board of Contract Adjustment in the War Department, and the remaining items of the claim, involving cost of raw material and incidental expenses, to the War Claims Board. The plaintiff did this, insisting, however, that inadvertently and mistakenly, and by error of both parties, he executed, subsequent to the award made by the Claims Board on the adjustment of Lieutenant Heins, a receipt in full for all claims and demands arising out of the contract. That such a receipt was executed appears from the record in award P. C. 4650.
Belief is now asked by way of reformation of the receipt so as to enable the plaintiff to recover for the 3,202 cinchas *266 finally reinspected, accepted, and delivered to the defendant, and for the value of which the claims board on July 14, 1920, made an award.
The defendant declined to pay the award, apparently on the ground of a prior accord and satisfaction of all claims arising under the contract. Two preeminent facts confront the defendant, facts indisputable and which may not be ignored. . The plaintiff at the time the contract was canceled had under the law two valid claims arising out of the contract, a claim for materials furnished and incidental expenses incurred in the performance of its contract, and for the 8,202 cinchas completed but improperly rejected.
When the claims were presented in a single document to the War Department it was obvious that the plaintiff was insisting with equal vigor upon the payment of each. An officer of the defendant detailed for that purpose and clothed with a limited jurisdiction visited the plaintiff to adjust the claimed differences, and he, without equivocation, disclaims authority and thereby refuses to consider the claim for 3,202 cinchas, but does adjust and recommend payment for the other articles of the claim, and the final adjustment, following his recommendation, clearly demonstrates that as to the 3,202 cinchas no action was taken. Emphasizing this fact is another of signal importance, that this same officer advised a division of the claim, one part embracing certain items of demand to go before the claims board, and the. claim here involved to the contract adjustment board. The contractor, was not familiar with the mode of procedure and adopted -the suggestions of one he had a right to assume was so familiar.
The original claim for both items totaled $6,708.79. The claim for materials furnished and incidental expenses incurred totaled $2,838.15, and the award authorized the payment of $2,602.83, a sum $236.32 less than that claimed under this particular item. This, it seems to us, is eviden-tiary of the fact that the item for the 3,202 cinchas was not included, and especially so when the award itself expressly recites that the award is predicated upon 43,568 cinchas, about which there never was any controversy, the entire number having been completed and delivered. It is hardly *267 possible that the defendant would assume an antagonistic attitude toward the plaintiff if the mutual mistake of the parties was manifest, and yet it is difficult to perceive, in the face of the record, how the fact could have escaped notice. The defendant seems to assume that the contractor abandoned his claim for the 3,202 cinchas, an article of merchandise found on subsequent inspection to more than meet the requirements of the contract, and for which he received an award for the amount here claimed. When at the very time it hastily executed a receipt drawn by the defendant and no doubt intended to conclude the plaintiff only as to the subject matter considered, the plaintiff was insisting before the War Adjustment Board that this item of the claim was just and should be paid. This was an emergency contract, a war contract, and when suddenly canceled became part of the incidental confusion respecting claims arising from the sudden termination of the war. It is little wonder that a-mistake as to the effect of the claims boards’ award intervened in the presentation of the claim. The defendant is entitled to the cinchas, and the title to the same is in the defendant. The contractor completed them in accord with his contract, and they were inspected, delivered, and accepted by the defendant. Reformation of the award is unnecessary. A receipt may be explained. The extent and force of its execution in bar of claimed indebtedness is not beyond explanation. The record, we think, clearly discloses that the receipt was never intended to and did not include the claim here sued on.
A disputed claim against the Government which becomes in its entirety a matter of negotiation for settlement is, in the absence of mistake, finally settled where the claimant accepts an agreed sum and receipts in full therefor. United States v. Clyde, 13 Wall. 35. This case, however, reflects an entirely different situation. The plaintiff and defendant were engaged in no serious disputation'. Under authority of law two forums were open to him for the presentation of claims, the War Claims Board and the Contract Adjustment Board. To these boards it presented its claims setting forth in detail the items of loss the plaintiff thought it was entitled to be paid. Plaintiff accepted the award of the *268 claims board without protest or appeal. No effort was made to challenge the legality or justness of the award, and no persistent or extended controversy with respect to it occurred. One board considered certain items of the claim and another board the items here claimed. There is nothing in the record disclosing a consideration of this claim by the claims board. The very fact that it was allowed later on confirms the contention of the plaintiff. To deny relief to a contractor who mistakenly signs a receipt for something he has never received and which the parties never intended as an acquittance of liability for the payment of a just claim, and which was in no wise adjudicated, involves adherence to a technical principle of law which in this instance fails of application.
Judgment for plaintiff'in the sum of $2,929.18. It is so ordered.
Gkaham, Judge; Hat, Judge; DowNey, Judge, and Campbell; Chief Justice, concur.